UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Mag. No. 21-6014 (DEA) |
| | : | |
| v. | : | |
| | : | |
| FORD F. GRAHAM | : | |

**STIPULATED PROTECTIVE ORDER**

This matter having come before the Court on the application of the United States and the Defendant in the above-captioned matter by and through the undersigned counsel, for a protective order, the parties respectfully request that the Court issue an Order in the form set forth below. The parties state as follows:

1. The Defendant is presently charged in an eight-count criminal complaint with wire fraud and wire fraud conspiracy, in violation of Title 18, United States Code, Sections 1343 and 1349; securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5 and 240.10b5-2; aggravated identity theft, in violation of Title 18, United States Code, Section 1028A; and engaging in unlawful monetary transactions, in violation of Title 18, United States Code, Section 1957.

2. The United States has represented and advised that the investigative materials obtained by the United States in this case are voluminous. In order to further discussions between the parties, the United States seeks voluntarily to share with defense counsel certain of these materials. The parties recognize and

–1–

acknowledge that it is the position of the United States that the Government's decision to share these materials at this early stage in the proceedings is voluntary, and that, except for disclosure obligations imposed pursuant to *Brady v. Maryland* and its progeny, the United States is not obligated to provide pre-Indictment discovery to the Defendant. Defendant and his counsel hereby acknowledge and agree that neither this Stipulated Protective Order nor any or all of the pre-indictment discovery materials as may be provided pursuant to this Order shall operate in any way to modify, alter, change or enlarge the disclosure or discovery obligations of the United States.

3. Undersigned counsel for the Defendant, the Defendant through his counsel, and all other individuals identified in paragraph 7, by and through counsel for the Defendant, consent to the protection of such discovery materials on the terms set forth below.

4. The parties recognize and acknowledge that the United States has represented and advised that the pre-Indictment discovery materials the United States seeks to provide to counsel for the Defendant include personal identifying information and other personal information of third parties, including but not limited to names, Social Security numbers, dates of birth, phone numbers, physical addresses, bank account information and drivers' licenses (hereinafter, "Protected Information").

5.  The defense understands and accepts the limited purposes for which it may use these discovery materials. The defense will not make any other use of these materials, and agrees not to share them with any other individual or party outside of the authorized persons identified in paragraph 7, and subject to the terms and limited exceptions set forth herein.

6.  The parties recognize and accept that the United States has represented and advised that there is a significant possibility that disclosure of the Protected Information would be detrimental to witnesses and other third parties. Given the risks posed by disclosure and the prevalence of Protected Information throughout the discovery materials, all discovery materials that are disclosed by the United States pursuant to this Protective Order are to be treated as Protected Information.

7.  Access to Protected Information will be restricted to the Defendant and his attorneys of record, and those attorneys' associated attorneys, paralegals, investigators, experts (retained pursuant to a written retainer agreement by the Defendant and/or his counsel in connection with the criminal case), and secretaries associated with the attorneys of record and performing services on behalf of the Defendant, and such other persons as hereafter may be authorized by the Government or the Court upon motion by the defense. Protected Information may not be provided to or remain in the custody of prospective witnesses or other

unauthorized persons, and to the limited extent set forth below in sub-paragraph 8.d, may not be provided to or remain in the custody of the Defendant.

8. The following restrictions apply to the individuals designated above in paragraph 7 unless further ordered by the Court. The above-designated individuals shall not:

   a. Disseminate copies of Protected Information to persons not authorized in paragraph 7;

   b. Allow persons not authorized in paragraph 7 to read, view, or listen to Protected Information;

   c. Use Protected Information for any purpose other than plea negotiations or preparing for the Defendant's defense in this case (i.e., for proffer meetings, hearings, or trial);

   d. With respect to the Defendant specifically, duplicate any discovery materials, whether by photocopy, photograph, writing, or otherwise, except that the Defendant may take notes for the limited purpose of assisting in his defense, so long as those notes are not disseminated or shown to persons other than authorized persons identified in paragraph 8 and do not amount to duplicates of materials protected herein.

9. The Defendant's attorneys shall inform any person to whom disclosure may be made, pursuant to this Order, of the existence and terms of this Court's

Order. The Defendant's attorneys shall provide that person a copy of this Order. The designated person shall be subject to the terms of this Order.

10. Authorized persons identified in paragraph 7 may not disclose Protected Information to any unauthorized person unless the Defendant and/or his counsel makes a written request to the Government for an exception to these restrictions, and such a request is granted. If such exceptions are refused, the Defendant and/or his counsel may seek relief from the Court.

11. Authorized persons identified in paragraph 7 shall store the Protected Information in a secure place and shall use reasonable care to ensure that the Protected Information is not disclosed or disseminated to any third party in violation of this Order. In the event of any inadvertent disclosure of Protected Information, counsel for the Party responsible for the inadvertent disclosure shall promptly notify the Court and the other Party as to the identity of the recipient of the inadvertently produced Protected Information and shall use all reasonable efforts to secure the return or destruction of the inadvertently produced Protected Information.

12. The requested restrictions shall not restrict or limit the future use or introduction as evidence of discovery materials containing Protected Information during hearings, motions or trials in this matter, if the inclusion of such information is relevant and otherwise admissible pursuant to the Federal Rules of Evidence and in compliance with any applicable Local Rules. For the avoidance of

doubt, this Protective Order applies only to the pre-Indictment phase of the above-captioned matter. Nothing herein shall be construed to limit, waive or obviate Defendants' constitutional or other rights of access to discovery materials or documents that are produced, including following any potential Indictment in this case.

13. This stipulation is binding on all future and successor counsel, and applies to Protected Information disclosed to the defense prior to the date of the Order below.

14. The Defendant and/or his counsel agree that they have no ownership or proprietary interest in the materials subject to the below Order. Upon conclusion of this litigation (i.e., when the Defendant has exhausted any right of direct appeal from any judgment and conviction resulting from a trial or guilty plea), the Defendant's attorneys shall return to counsel for the United States, or destroy and certify to counsel for the United States such destruction, all materials containing Protected Information within a reasonable time, not to exceed sixty (60) days after the conclusion of the litigation.

|  |  |
|---|---|
|  | Form and entry consented to: |
|  | PHILIP R. SELLINGER<br>United States Attorney |
| */s/     Edward McNally*<br>*/s/     Nicholas Rendino*<br>EDWARD E. MCNALLY, Esq.<br>NICHOLAS A. RENDINO, Esq.<br>Counsel for the Defendant | */s/     J. Brendan Day*<br>J. BRENDAN DAY<br>MARTHA K. NYE<br>Assistant United States Attorneys |
| */s/ Christopher Olsen*<br>CHRISTOPHER OLSEN Esq.<br>Counsel for the Defendant |  |

**ORDER**

IT IS SO ORDERED

this  28th   day of March 2022

Trenton, New Jersey

_____
HONORABLE DOUGLAS E. ARPERT
UNITED STATES MAGISTRATE JUDGE

–7–